# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03740-NYW-SBP

ANDRES GOMEZ, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

SSA HOLDINGS, LLC,

    Defendant.

---

## MINUTE ORDER

**Entered by Judge Nina Y. Wang**

    This matter is before the Court on Plaintiffs' Motion to Consolidate Cases and Appoint Interim Co-Lead Class Counsel ("Motion to Consolidate" or "Motion"). [Doc. 5]. Plaintiff Andres Gomez ("Mr. Gomez") asks the Court to consolidate this case with three related cases: *Douglas v. SSA Holdings, LLC*, Civil Action No. 25-cv-03758-GPG-SBP; *Ando v. SSA Holdings, LLC d/b/a SSA Group*, Civil Action No. 25-cv-03762-RMR-CYC; and *Baron v. SSA Holdings, LLC*, Civil Action No. 25-cv-03793-RMR-STV. [Doc. 5 at 2]. This Motion is joined by Shaniel Douglas, Thomas Ando, and Kaia Baron, the plaintiffs in the three related cases (together with Mr. Gomez, "Plaintiffs"). *See* [*id.*]. Plaintiffs also request that the Court appoint Andrew J. Shamis ("Mr. Shamis") of Shamis & Gentile, P.A., Raina Borrelli ("Ms. Borrelli") of Strauss Borrelli PLLC, A. Brooke Murphy ("Ms. Murphy") of Murphy Law Firm, and Jeff Ostrow ("Mr. Ostrow") of Kopelowitz Ostrow P.A. as Interim Co-Lead Class Counsel. [*Id.* at 3].

    Defendant does not oppose the consolidation requested in the Motion and takes no position as to appointment of lead counsel. [Doc. 10]. For the reasons set forth below, the Motion is respectfully **GRANTED**.

I.    **Consolidation**

    Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). "The decision whether to consolidate such actions is left to the sound discretion of the trial court." *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)). Rule 42(a) is intended "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Fam. Mut. Ins. Co.*,

220 F.R.D. 366, 367 (D. Colo. 2004) (quotation omitted). Thus, in exercising this discretion, the Court weighs both "judicial economy and fairness to the parties." *MSPBO, LLC v. Adidas N. Am., Inc.*, No. 13-cv-02287-PAB-KMT, 2014 WL 349102, at *1 (D. Colo. Jan. 30, 2014) (citing *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982)).

The Court agrees that consolidation is appropriate. All four actions stem from the same underlying facts—a September 2025 data breach that Plaintiffs allege was caused by Defendant's failure to properly safeguard the private information of its customers and employees. [Doc. 5 at 3]; *compare* [Doc. 1 at ¶¶ 1–2, 6–8, 16], *with* Complaint at ¶¶ 1, 4–5, 7–10, *Douglas v. SSA Holdings, LLC*, No. 25-cv-03758-GPG-SBP (D. Colo. Nov. 20, 2025), ECF No. 1 ("*Douglas* Complaint"), *and* Complaint at ¶¶ 1, 3, 5–6, *Ando v. SSA Holdings, LLC d/b/a SSA Group*, No. 25-cv-03762-RMR-CYC (D. Colo. Nov. 20, 2025), ECF No. 1 ("*Ando* Complaint"), *and* Complaint at ¶¶ 1–2, 6–8, 16, *Baron v. SSA Holdings, LLC*, No. 25-cv-03793-RMR-STV (D. Colo. Nov. 24, 2025), ECF No. 1 ("*Baron* Complaint"). All four Plaintiffs bring claims for negligence and unjust enrichment, and assert additional similar, though not identical causes of action. *See* [Doc. 1 at ¶¶ 149–205]; *Douglas* Complaint at ¶¶ 90–151; *Ando* Complaint at ¶¶ 81–161; *Baron* Complaint at ¶¶ 149–205.

These factual and legal similarities between the cases suggest that discovery and motions practice in the two cases will overlap significantly, meaning that consolidation will facilitate a more efficient resolution of the cases for both the Parties and the Court. And there is no indication that any other Party will be prejudiced by consolidation. The Court is therefore persuaded that these four cases share common questions of fact and law that warrant consolidation under Rule 42(a).

## II.     Interim Co-Lead Class Counsel

Plaintiffs next request that the Court appoint Mr. Shamis, Ms. Borelli, Ms. Murphy, and Mr. Ostrow as interim co-lead class counsel pursuant to Federal Rule of Procedure 23(g). [Doc. 5 at 3]. Defendant takes no position on this request. [Doc. 10].

Rule 23(g) of the Federal Rules of Civil Procedure governs the appointment of class counsel. Relevant here, the Rule provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008); *Dorn v. Mueller*, No. 10-cv-00925-WYD-CBS, 2010 WL 2232418, at *1 (D. Colo. May 28, 2010). These factors include: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The court may also

"consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).

Upon review of these factors, the Court finds it appropriate to appoint Mr. Shamis, Ms. Borelli, Ms. Murphy, and Mr. Ostrow as interim co-lead class counsel in this matter. With respect to the first factor, the Motion to Consolidate represents that all four counsel have "committed appropriate time and resources to organizing and working together toward the advancement of the litigation, investigating and researching the potential legal theories and claims at issue, and researching and reviewing information relating to the factual underpinnings of this litigation."  [Doc. 5 at 7–8].

As for the remaining factors, all four counsel have extensive experience in class action litigation, specifically in cases involving data privacy and consumer protection issues.  [*Id.* at 8–18].  Mr. Shamis is the managing partner at Shamis & Gentile, P.A. where he heads the class action and mass torts division of the firm.  [*Id.* at 8–11]. Ms. Borrelli is a founding partner at Strauss Borrelli PLLC, leads the firm's class action litigation practice, and has served as lead counsel or co-counsel in numerous data breach cases throughout the country.  [*Id.* at 11–13].  Ms. Murphy is a founding member of Murphy Law Firm, specializes in representing plaintiffs in class actions, and has "litigated numerous data breach class actions across the country."  [*Id.* at 13–15].  Mr. Ostrow is the Managing Partner of Kopelowitz Ostrow P.A., where he heads the class action department and has been a counsel of record in more than 500 data breach cases.  [*Id.* at 15–18].  Counsel's respective law firms also have extensive experience in class action and data privacy litigation.  *See* [*id.* at 8–18; Doc. 5-2; Doc. 5-3; Doc. 5-4; Doc. 5-5].

Mr. Shamis, Ms. Borelli, Ms. Murphy, and Mr. Ostrow represent that they are able to and will commit the resources necessary to vigorously prosecute these cases.  [Doc. 5 at 19].  The Court concludes that Mr. Shamis, Ms. Borelli, Ms. Murphy, and Mr. Ostrow are well-versed in the applicable law and able to effectively litigate this case on behalf of Plaintiffs and the putative class members.  For these reasons, the Court finds that appointment of Mr. Shamis, Ms. Borelli, Ms. Murphy, and Mr. Ostrow as interim co-lead class counsel is appropriate under Rule 23(g)(3).  The Motion to Consolidate is respectfully **GRANTED**.

Accordingly, it is **ORDERED** that:

(1) Plaintiffs' Motion to Consolidate Cases and Appoint Interim Co-Lead Class Counsel [Doc. 5] is **GRANTED**;

(2) Pursuant to Federal Rule of Civil Procedure 42 and D.C.COLO.LCivR 42.1, the Clerk of Court shall **CONSOLIDATE** this case with *Douglas v. SSA Holdings, LLC*, Civil Action No. 25-cv-03758-GPG-SBP; *Ando v. SSA Holdings, LLC d/b/a SSA Group*, Civil Action No. 25-cv-03762-RMR-CYC; and *Baron v. SSA Holdings, LLC*, Civil Action No. 25-cv-03793-RMR-STV;

(3) The Clerk of Court is **DIRECTED** to reassign the magistrate judge referral duties in Civil Action Nos. 25-cv-03762-RMR-CYC and 25-cv-03793-RMR-STV to Magistrate Judge Susan B. Prose;

(4) The Parties shall file all pleadings and papers in this action under the caption of:

Civil Action No. 25-cv-03740-NYW-SBP
*Consolidated with Civil Action Nos. 25-cv-03758-GPG-SBP, 25-cv-03762-RMR-SBP, and 25-cv-03793-RMR-SBP*

(5) All filings shall be made in Civil Action No. 25-cv-03740-NYW-SBP; and

(6) The Parties are **ORDERED** to jointly contact Judge Prose's Chambers no later than January 19, 2026 for the purpose of scheduling a Status Conference to discuss preparation of a Scheduling Order.

DATED: January 12, 2026